[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

No. 10-13029
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00732-TWT

TIFFANY JOEL,

Plaintiff-Appellant,

versus

HSBC BANK USA, National Association,
IRA NEWBLE, II,
in his individual capacity,
HWV PROPERTY MANAGEMENT,
in their corporate capacity jointly and severally,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 31, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Tiffany Joel, proceeding *pro se*, appeals the district court's order dismissing her complaint, which sought relief under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, Div. A, Title VII, 123 Stat. 1632, 1660-62 (2009). On appeal, Joel argues that the district court erred in dismissing her complaint because she stated a plausible claim for relief under the PTFA. For the reasons stated below, we affirm.

## I.

Joel filed a *pro se* complaint against HSBC Bank USA, Ira Newble, II, and HWV Property Management, seeking a declaratory judgment that she was entitled to remain in a rental property located at 1911 Saxon Valley Circle, NE, in Atlanta, Georgia. Joel explained that she leased that property from Newble and HWV Property Management. In December 2009, Joel received a notice stating that HSBC had purchased the property in a foreclosure sale. The notice informed Joel that she would have to relinquish possession within 90 days. Joel's complaint asserted that, under the PTFA, she was entitled to remain in the property until her leasing contract expired in February 2014.

Joel attached a copy of the notice as an exhibit to her complaint. She also submitted a copy of the lease agreement. The terms of the lease provided: "This agreement shall commence on February 1, 2009 and continue; until February 1,

2014, on a month-to-month tenancy until either party shall terminate this agreement by giving a written notice of intention to terminate at least 30 days prior to the date of termination."

HSBC moved to dismiss Joel's complaint, arguing that it had complied with its obligations under the PTFA. The district court granted HSBC's motion and dismissed Joel's complaint with prejudice. The district court noted that Joel was not entitled to remain in her property because the lease was terminable at will, and HSBC had given her the notice required by law to vacate the premises.

## II.

We review a district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) *de novo*, accepting the factual allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff. *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss, a complaint must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. at 1964-1965. In ruling on a motion to

dismiss, this Court may consider documents attached to the complaint. *See*

*Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) ("When

considering a motion to dismiss . . . the court limits its consideration to the

pleadings and exhibits attached thereto.") (quotation omitted).

In relevant part, the Protecting Tenants at Foreclosure Act provides:

(a)    In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to--

    (1)    the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

    (2)    the rights of any bona fide tenant, as of the date of such notice of foreclosure--

        (A)    under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or

        (B)    without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1).

Pub. L. No. 111-22, Div. A, Title VII, § 702, 123 Stat. at 1660-61 (2009).

In this case, Joel maintains that HSBC cannot interpret or enforce the lease

because it was not a party to the original contract. The issue, however, is not

whether HSBC can enforce the lease. In fact, HSBC is attempting to end the lease, not enforce it. The issue is whether the lease is terminable at will, in which case HSBC can end the lease by providing 90 days' notice to Joel, or whether it is a lease for a fixed term, in which case HSBC will have to let Joel remain in the property until it sells the property to a purchaser who will use it as a primary residence. The fact that HSBC was not a party to the original lease does not mean that it cannot interpret the express language of the contract to derive the parties' intent.

Joel's argument that the leasing agreement established a lease for a fixed term, rather than a tenancy at will, also fails. By its terms, the lease created a "month-to-month tenancy" that could be terminated by either party with 30 days' notice. Because Georgia law requires at least 30 days' notice before terminating a tenancy at will, the lease effectively created a tenancy at will. *See* O.C.G.A. § 44-7-7. Therefore, under the PTFA, HSBC could terminate the lease after providing 90 days' notice to Joel. *See* Pub. L. No. 111-22, Div. A, Title VII, § 702(a)(2)(B), 123 Stat. at 1661 (2009). The letter attached to Joel's complaint demonstrates that she did, in fact, receive such notice. *See Grossman,* 225 F.3d at 1231 (noting that a reviewing court may consider documents attached to the plaintiff's complaint). Because HSBC fully complied with the PTFA, the district

5

court properly concluded that Joel's complaint failed to state a claim upon which relief could be granted. Accordingly, we affirm.

**AFFIRMED.**